**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LAWYERS TITLE INSURANCE CORPORATION** | § § § | **PLAINTIFF** |
| **V.** | § § | **Civil No. 1:09CV170-HSO-JMR** |
| **PRESTIGE TITLE, INC.,** *et al.* | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO INTERVENE AND *SUA SPONTE*
DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

Before the Court is the Motion to Intervene filed by John and Alison Lewis,

Jeff Lewis, Lewis Holdings, LLC, and ReMax Alliance [collectively, "Intervenors"],

on March 20, 2009 [82]. Intervenors attach a proposed Complaint as Exhibit "A" to

their Motion. Defendant Lawyers Title Insurance Corporation ["Lawyers Title"]

filed a Response [179], as did Defendants Prestige Title, Inc., and Prestige Title of

Alabama, LLC [182], which was joined by Defendants Advanced Title & Escrow,

LLC [183], and Stephen R. Colson [184]. Intervenors subsequently filed a Reply

[186].

I. DISCUSSION

A.  Intervention

Intervenors contend that they should be allowed to intervene as Plaintiffs,

pursuant to Federal Rule of Civil Procedure 24. They claim an interest relating to

the issues which are the subject of this litigation, and that "[d]isposition of the

underlying cause may, as a practical matter, impair or impede the ability of

Plaintiffs to protect their interest." Mot., at p. 1. Intervenors assert that

Defendants have wrongfully converted $607,845.45 involved in a loan closing, and seek other damages.  *See* Mot., at p. 1.  Intervenors maintain that "[t]he funds in issue in this litigation include those funds transferred by Country Wide Mortgage into a Trust Account of the Prestige Title and were intended solely for use of Plaintiffs herein."  *Id.* at p. 2.  Defendants Lawyers Title, Prestige Title, Inc., Prestige Title of Alabama, LLC, Advanced Title & Escrow, LLC, and Stephen R. Colson oppose this Motion.

Rule 24 contemplates two scenarios:  intervention as of right and permissive intervention.  Intervenors here do not reference a particular subsection of Rule 24, nor do they specify whether they are seeking intervention as of right or on a permissive basis.  Their Motion appears to assert intervention as of right, as they claim an interest relating to the property and transactions that are the subject of this action, and allege that disposing of the action may as a practical matter impair or impede their ability to protect their interest.  *See* Mot., at p. 1; FED. R. CIV. P. 24(a)(2).

To intervene as of right under Rule 24(a)(2), an applicant must meet four requirements: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.  *See Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (en

banc). Failure to satisfy any one requirement precludes intervention as of right.

*See id.* The Fifth Circuit has

> noted that "the inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application," and concluded that "intervention of right must be measured by a practical rather than technical yardstick." Intervention should generally be allowed where "no one would be hurt and greater justice could be attained."

*Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (*quoting Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996); *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

     1.    <u>Timeliness of Application for Intervention</u>

To determine whether a motion to intervene is timely, a court must consider the totality of the circumstances. *See United States v. Covington County School Dist.*, 499 F.3d 464, 465 (5th Cir. 2007) (*citing Jones v. Caddo Parish Sch. Bd.*, 735 F.2d 923, 927 (5th Cir. 1984) (en banc)). The United States Court of Appeals for the Fifth Circuit has explained that, in the four-part intervention test, timeliness

> is governed by the four-part test in *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977): (1) the length of time between the would-be intervenor's learning of his interest and his petition to intervene, (2) the extent of prejudice to existing parties from allowing late intervention, (3) the extent of prejudice to the would-be intervenor if the petition is denied, and (4) any unusual circumstances.

*In re Lease Oil Antitrust Litigation*, - - - F.3d - - - -, 2009 WL 1479410, *2 (5th Cir. May 28, 2009) (*citing Stallworth*, 558 F.2d at 263-66; *Ruiz v. Estelle*, 161 F.3d 814, 827-28 (5th Cir. 1998)).

Lawyers Title filed this action on February 13, 2009, and Intervenors filed their Motion on March 20, 2009. *See* Compl. [1]; Intervenors' Mot. [82]. No party has asserted that Intervenors' Motion was untimely. Considering the record and

the totality of the circumstances presented, the Court is of the opinion that Intervenors' application is timely. *See In re Lease Oil Antitrust Litigation,* 2009 WL 1479410, at *2.

      2.   <u>Interest Relating to the Property which is the Subject of the Action</u>

To support intervention as of right, Intervenors "must show that [they have] a direct, substantial, legally protectable interest in the action, meaning that the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant." *In re Lease Oil Antitrust Litigation,* 2009 WL 1479410, at *4 (emphasis in original) (internal quotations omitted). "[T]he 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process...." *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994) (*quoting Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 n.10 (5th Cir. 1992)). An economic interest alone is generally insufficient to intervene. *See In re Lease Oil Antitrust Litigation,* 2009 WL 1479410, at *5.

Intervenors assert an interest in the funds at issue in this litigation. They contend that certain of Defendants wrongfully converted $627,845.45 related to their loan closing. They state the sum of $546,720.27 was transferred by Countrywide Mortgage into Prestige Title's trust account, and that John and Alison Lewis gave Prestige Title a cashiers check in the additional amount of $29,943.83. *See* Intervenor's Mot., at pp. 1-2; Intervenor's Compl., at p. 3. Intervenors assert that all checks issued by Prestige Title for their benefit were dishonored by

Wachovia Bank for lack of sufficient funds because Defendants wrongfully diverted these funds for their own use.  *See* Intervenor's Compl., at p. 3.

Lawyers Title's Complaint, which initiated this litigation, also alleges that Defendants unlawfully converted monies to their own use, or for uses which were not authorized by agreements between them, and have "unlawfully deposited funds for which Lawyers Title may be responsible into personal accounts or accounts which are wholly unrelated to any business relationship between Defendants and Lawyers Title."  Compl., at p. 13, 15.  Lawyers Title has sought sequestration of "certain monies which are currently in numerous funding, escrow, trust and other accounts owned and/or maintained by [Defendants]," and "an order freezing the assets of the Defendants pending the outcome of the lawsuit."  *Id.* at p. 17.

After Lawyers Title instituted this case, all parties agreed to entry of an Order [77] which sequestered certain Regions Bank accounts.  For the same reason that Lawyers Title sought sequestration of these accounts, Intervenors have demonstrated an interest in them, as they assert that monies given to Prestige Title were wrongfully diverted for Defendants' own uses.  *See* Intervenor's Mot., at pp. 1-2; Intervenor's Compl., at p. 3.  Such purported monies may be in these Regions Bank accounts, which have now been sequestered by the agreement of all parties to this case.

Intervenors' interest in this case is not simply one of general economic interest, but rather is related to specific funds at issue in this litigation.  Without participation in discovery in this case, Intervenors may be unable to trace the

monies that they claim Defendants have converted. The Court is of the opinion that Intervenors have demonstrated an interest sufficient to meet the second requirement under Rule 24(a)(2). *See In re Lease Oil Antitrust Litigation,* 2009 WL 1479410, at *5 (stating that, in case where intervenor State of Texas had interest in investment income generated by unclaimed class action settlement funds, intervenor's interest was not directly related to the underlying dispute, but was legally protectable under Texas law and was sufficiently related).

3.    Intervenors' Ability to Protect Interest in Property

"[T]he potential intervener must be situated so that the disposition of the case into which she seeks to intervene may impair or impede her ability to protect her interest." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 380 (5th Cir. 2001). This case involves a limited pool of assets to which both Lawyers Title and Intervenors are making claims. The Court is of the view that Intervenors would not be able to protect their interest in these funds without participating in this case, and are so situated that the disposition of this case may impair or impede Intervenors' ability to protect their interest. *See Glickman*, 256 F.3d at 380. The Court is persuaded that Intervenors satisfy this third requirement.

4.    Inadequate Representation of Intervenors' Interest by Existing Parties

The Fifth Circuit has explained that

> [t]he burden of establishing inadequate representation is on the applicant for intervention. [*See Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994).] This burden is "minimal" and "is satisfied if the applicant shows that representation of his interest 'may be' inadequate ...." [*Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996) (en banc) (*citing*

> *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972)).]
> However, "it cannot be treated as so minimal as to write the requirement
> completely out of the rule." [*Id*. at 1005 (citation and internal quotations
> omitted).] In addition, "when the party seeking to intervene has the same
> ultimate objective as a party to the suit, the existing party is presumed
> to adequately represent the party seeking to intervene unless that party
> demonstrates adversity of interest, collusion, or nonfeasance." [*Kneeland
> v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987)
> (citation omitted).]

*Haspel & Davis Milling & Planting Co., Ltd. v. Board of Levee Commissioners of the
Orleans Levee District*, 493 F.3d 570, 579-80 (5th Cir. 2007).

In this case, Lawyers Title and Intervenors are advancing competing claims
to the same limited pool of funds. "Where the supposed representative actually
represents an interest adverse to the intervenor, the representation is obviously not
adequate." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1125 (5th Cir. 1970).

Lawyers Title asserts that it adequately protects Intervenors' interest in this
case. Lawyers Title's Complaint, however, states that pursuant to the Closing
Protection Letters issued by Prestige Title, Prestige Title of Alabama, Advanced
Title, and Title 1 employees, and underwritten by Lawyers Title, it is obligated "'for
actual loss incurred [by a lender] in connection with closings of real estate
transactions' under certain conditions...." Compl., at p. 8. The lender in the
Intervenors' case was Countrywide, not Intervenors. The Court is therefore of the
view that Intervenors satisfy all requirements to intervene as of right, and that
permitting intervention as of right would be most compatible with efficiency and
due process under the "interest test" espoused by the Fifth Circuit. *See Sierra Club*,
18 F.3d at 1207.

B.    Subject Matter Jurisdiction

In addition to satisfying the criteria of Rule 24, a party seeking to intervene must establish the Court's subject matter jurisdiction to decide the new claim.  *See* 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1917.  "[I]t remains the law and it now is clear that in diversity cases, ancillary (now supplemental) jurisdiction cannot be invoked for plaintiff intervenors, whether they are of right or permissive."  *Id.* (internal citation omitted).  Before the Court can finally resolve whether Intervenors may join this case, it must address its subject matter jurisdiction over Intervenors' proposed claims against Defendants.

Jurisdiction in this case is founded upon complete diversity of citizenship. *See* Compl., at p. 3 (*citing* 28 U.S.C. § 1332).  The Court has previously determined that Plaintiff Lawyers Title, a Nebraska citizen, is completely diverse from Defendants.  It must now determine whether, if allowed to intervene, any of the proposed Intervenors' citizenships would divest the Court of subject matter jurisdiction.

Many of Defendants in this case are citizens of Mississippi.[1]  Intervenors' proposed Complaint states that John, Alison, and Jeff Lewis are all adult resident citizens of Rankin County, Mississippi.  *See* Intervenors' Proposed Compl., at p. 1. The proposed Complaint does not reveal the citizenship of Lewis Holdings, LLC, or

---

[1]  The record demonstrates that Defendants Prestige Title, Inc.; Advanced Title & Escrow, LLC; Title 1, Inc.; Prestige Title of Alabama, LLC; and Stephen R. Colson, are all Mississippi citizens.  *See* Compl., at pp. 1-2; Aff. of Stephen R. Colson [32], at p. 1; Aff. of Stephen R. Colson [67], at pp. 1-2.

of ReMax Alliance.  *See id.*

The Court entered a Text Order on May 8, 2009, requiring these last two Intervenors "to file into the record in this case an Affidavit or Declaration identifying the citizenship of each of their respective members or partners, or if not a partnership or limited liability company, identifying their state of incorporation and principal place of business, on or before Friday, May 15, 2009."  Text Order, entered May 8, 2009.  On May 19, 2009, the Court entered a Show Cause Order granting Lewis Holdings, LLC, and ReMax Alliance until May 29, 2009, to show cause why their Motion to Intervene should not be denied for failure to comply with the Court's Order.  *See* Order to Show Cause [175], entered May 19, 2009. Intervenors filed a Response [185] stating that they had received no notice of the Orders until May 21, 2009, and attaching an Affidavit of residency.  *See* Intervenors' Resp., at pp. 1-2.  The Affidavit reflects in relevant part that "Lewis Holdings, LLC is a Mississippi Limited Liability Company whose member is Jeff Lewis an adult citizen of Mississippi.  ReMax Alliance is the LOR group LLC D/B/A RE/MAX Alliance is [sic] doing business in the State of Mississippi and is a Mississippi LLC."  *See* Aff. of John W. Chapman [185-2], at p. 1.

ReMax Alliance has yet to comply with the Court's Text and Show Cause Orders which required it, as a limited liability company, to identify the citizenship of each of its members.  The Court is therefore unable to ascertain its citizenship.[2]

---

[2] As a limited liability company, the Court must look to the citizenship of each of  LOR group LLC D/B/A RE/MAX Alliance's members to determine its citizenship.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that citizenship of an LLC is determined by

Because ReMax Alliance has not complied with this Court's Orders, the Court will deny without prejudice the Motion to Intervene with respect to ReMax.

It is clear from the record that John, Alison, and Jeff Lewis, as well as Lewis Holdings, LLC, are Mississippi citizens. Their intervention as Plaintiffs in this case would destroy diversity, and thus the Court's subject matter jurisdiction. *See J.A.R., Inc. v. M/V Lady Lucille*, 963 F.2d 96, 98-100 (5th Cir. 1992) (noting that intervention of non-diverse plaintiff-lien claimant destroyed diversity jurisdiction, and dismissing case for lack of subject matter jurisdiction).

### 1. Alignment of Parties

If John, Alison, and Jeff Lewis, and Lewis Holdings, LLC, intervene and were aligned as Defendants in this case, complete diversity would still exist. However, Intervenors seek to align themselves as Plaintiffs. From a review of the record, the Court is of the view that if permitted to intervene, Intervenors clearly must be aligned as Plaintiffs. Their claims are against Defendants, and their interests are more clearly identified with those of Plaintiff Lawyers Title.

### 2. Supplemental Jurisdiction

In their proposed Complaint, Intervenors assert that this Court has pendent jurisdiction over their claims against Defendants. *See* Intervenors' Proposed Compl., at p. 2. The statute which confers supplemental jurisdiction specifically excludes from its scope, in cases where a district court's original jurisdiction is founded solely upon diversity, "claims by persons . . . seeking to intervene as

___

the citizenship of all of its members).

plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b). In other words, a would-be intervenor-plaintiff in a diversity case must demonstrate an independent jurisdictional ground to support the proposed claim. *See* 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1917.

Even though Intervenors satisfy Rule 24, intervention would be inconsistent with the jurisdictional mandate of section 1332, as Intervenors are not completely diverse from Defendants. *See* 28 U.S.C. § 1332, 1367(b). Intervenors have not demonstrated any other independent jurisdictional ground for this Court to hear their claims.

3.  Indispensability

Since the Court is of the opinion that Intervenors are qualified to intervene as of right under Rule 24, and because their presence would destroy complete diversity, the Court must next determine whether Intervenors are indispensable to this action before it can resolve their Motion. *See B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 544-47 (1st Cir. 2006) (holding that if a non-diverse potential intervenor is entitled to intervene as of right under Rule 24(a)(2), a court must consider whether the party is indispensable under Rule 19(b), and that, if indispensable, the litigation must be dismissed for lack of complete diversity); *see also Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 394 (5th Cir. 2006) (holding in a Rule 19(a) joinder context that, if a person cannot be made a party

because joinder would destroy subject matter jurisdiction, then a federal court must determine whether that person is indispensable). A court must look to Federal Rule of Civil Procedure 19(b) to determine whether the non-diverse party is necessary and indispensable. *See In re Olympic Mills Corp.*, 477 F.3d 1, 8-9 (1st Cir. 2007). The factors that the Court here must consider include

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:
    (A) protective provisions in the judgment;
    (B) shaping the relief; or
    (C) other measures;
(3) whether a judgment rendered in the person's absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

### a. Any Prejudice to Intervenors or Existing Parties

If judgment were rendered in this case in Intervenors' absence, they would be prejudiced. As discussed earlier, there are limited funds to which both Lawyers Title and Intervenors assert claims. A judgment in favor of Lawyers Title would effectively preclude Intervenors from enforcing their own rights, and Intervenors would thus be adversely affected. This factor weighs in favor of finding Intervenors indispensable.

### b. Lessening or Avoidance of Prejudice

As stated above, any judgment rendered in Intervenors' absence might prejudice Intervenors. No alternative remedies or forms of relief have been

proposed to the Court or appear to be available.  *See Republic of Philippines v. Pimentel,* 128 S. Ct. 2180, 2192 (2008).  The Court is of the opinion that this prejudice likely could not be lessened or avoided by protective provisions in the judgment, shaping of relief, or other measures.  *See* Fed. R. Civ. P. 19(b).  This factor weighs in favor of deeming Intervenors indispensable.

### c.    Adequacy of Judgment in Intervenors' Absence

In the Rule 19(b) context, "adequacy refers to the 'public stake in settling disputes by wholes, whenever possible.'" *Republic of Philippines,* 128 S. Ct. at 2193 (*quoting Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 111 (1968)).  "This 'social interest in the efficient administration of justice and the avoidance of multiple litigation' is an interest that has 'traditionally been thought to support compulsory joinder of absent and potentially adverse claimants.'" *Id.* (*quoting Illinois Brick Co. v. Illinois*, 431 U.S. 720, 737-38 (1977)).  Going forward with this action without Intervenors would not further the public interest in settling this dispute, which is quite complex, as a whole, and could result in inconsistent judgments.  This factor weighs in favor of indispensability.

### d.    Adequacy of Lawyers Title's Remedy if Action Dismissed

Certainly Lawyers Title and the other parties to this action, all of whom have engaged in discovery and expended resources in this litigation, would suffer some prejudice from a dismissal.  However, Lawyers Title would not be as severely prejudiced if this case were dismissed without prejudice as Intervenors will be if they cannot intervene.  The case is still at a relatively early phase, and any

discovery conducted to date could still prove useful in a state court suit. Lawyers Title could re-file its case in state court and would therefore have an adequate, though perhaps not its preferred, remedy. *See Scoggins v. Fredrick*, 629 F.2d 426, 427 (5th Cir. 1980) (explaining that the final factor under Rule 19(b) is to consider "whether there is an adequate forum to determine the interests of all parties if the suit is dismissed in the federal courts."). Certainly the courts of this state are more than capable of resolving this matter with all necessary parties present.

After balancing the rights of all concerned, *see AT&T Communications v. BellSouth Telecommunications, Inc.*, 238 F.3d 636, 659 (5th Cir. 2001), the Court concludes that Intervenors John and Alison Lewis, Jeff Lewis, and Lewis Holdings, LLC, are indispensable or necessary parties under Rule 19, and must be allowed to intervene. Because Intervenor Plaintiffs John and Alison Lewis, Jeff Lewis, Lewis Holdings, LLC, are non-diverse from many of Defendants in this case, the Court is divested of subject matter jurisdiction, and this case must be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) (stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## II. <u>CONCLUSION</u>

The record reflects that this case has been beset by jurisdictional issues from its inception. "The question of subject matter jurisdiction can never be waived. Nor can jurisdiction be conferred by conduct or consent of the parties." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). The Court has "the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it

is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Id*. The Court is certainly mindful of, and sympathetic to, the inconvenient consequences this result may work on the parties before it. However, federal courts are courts of limited jurisdiction, and these jurisdictional commands must always govern this Court's decisions, however inconvenient the result.

For the foregoing reasons, Intervenors' Motion to Intervene must be granted in part, as to John and Alison Lewis, Jeff Lewis, and Lewis Holdings, LLC, and denied in part, as to ReMax Alliance. Because the Court is divested of subject matter jurisdiction by the intervention as of right of these indispensable but non-diverse Plaintiffs, the Court must *sua sponte* dismiss this case for lack of subject matter jurisdiction.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion to Intervene filed by John and Alison Lewis, Jeff Lewis, Lewis Holdings, LLC, and ReMax Alliance, on March 20, 2009 [82], should be and hereby is **GRANTED IN PART** as to John and Alison Lewis, Jeff Lewis, and Lewis Holdings, LLC, and **DENIED IN PART**, without prejudice, as to ReMax Alliance.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated herein, this case must be, and hereby is, **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, due to the intervention as of right of indispensable but non-diverse Intervenor Plaintiffs.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Lawyers Title Insurance Corporation is to serve a copy of this Memorandum Opinion and

Order upon Regions Bank, or its designated representative with whom the parties have communicated during the pendency of this action, within five (5) calendar days of the date of this Order.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, any remaining pending motions are hereby **DENIED AS MOOT.**

**SO ORDERED AND ADJUDGED**, this the 9th day of July, 2009.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE